DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| BANK OF NOVA SCOTIA,<br><br>        Plaintiff,<br><br>        v.<br><br>GERALD R. ROY, BONITA M. ROY, ROY'S<br>CONSTRUCTION, INC., and ARCHES OF<br>FRENCHMAN'S BAY, LLC,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil No. 2010-29<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ATTORNEYS:

**Matthew J. Duensing, Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, VI
    *For the plaintiff Bank of Nova Scotia,*

**Robert L. King, Esq.**
Law Offices of Robert King
St. Thomas, VI
    *For the defendants Gerald R. Roy, Roy's Construction, and*
    *Arches of Frenchman's Bay, LLC,*

**Alan R. Feuerstein, Esq.**
**Mark E. Guglielmi, Esq.**
Feuerstein & Smith LLP
Buffalo, NY.
    *For the defendant Bonita M. Roy.*


<u>**MEMORANDUM OPINION**</u>

The Court has been advised that the parties have settled this matter. This judgment reflects the agreement of the parties.

Bank of Nova Scotia v. Roy et al.
Civ. No. 2010-29
Memo. Op.
Page 2

## I.   <u>FACTUAL AND PROCEDURAL HISTORY</u>

BNS filed a complaint in this case on March 17, 2010.  The complaint sought recovery of a debt, sought foreclosure of mortgages, and sought enforcement of a UCC lien.  The Complaint contained three counts: (1) an action for debt and foreclosure against Roy's Construction, Inc. ("RC") and Gerald R. Roy ("G. Roy"); (2) an action for debt and foreclosure against G. Roy and Bonita M. Roy ("B. Roy"); and (3) an action for debt and foreclosure against G. Roy and the Arches of Frenchman's Bay ("Arches").

Thereafter, BNS moved for summary judgment.

On February 25, 2013, the Court entered an order which granted summary judgment: against G. Roy and RC on Count One; against G. Roy on Count Two; and against G. Roy and Arches as to Count Three.  As to all other claims, the motion for summary judgment was denied.  The February 25, 2013, Order also dismissed all counter- and cross-claims.

This matter was referred to mediation on February 26, 2013. The parties went through mediation before Magistrate Judge Geoffrey W. Barnard.  The parties assert that they came to an agreement in the course of mediation that resolved all remaining claims.  The parties stated, on the record, that they were in agreement as to the terms of the settlement.  The parties also

Bank of Nova Scotia v. Roy et al.
Civ. No. 2010-29
Memo. Op.
Page 3

outlined, on the record, the following essential terms of the

agreement:

1) Arches and G. Roy agreed to consent to judgment for the

   full amount previously awarded by the Court as to Count

   Three.  That amount was $1,048,744.28 as of the date of

   settlement.  Arches and G. Roy consented to joint and

   several liability on that amount.

2) Arches and G. Roy agreed to waive their redemption rights

   with respect to the property at issue in Count Three.

   That property is described as:

      Parcel Nos. 16-46 and 16-47 Estate Frenchman's Bay
      No. 4 Frenchman's Bay Quarter
      St. Thomas, U.S. Virgin Islands
      As shown on PWD No. D9-4047-T87

   (the "Frenchman's Bay Property")

3) BNS agreed to waive any right to claim a deficiency

   against Arches or G. Roy under Count Three.

4) Arches and G. Roy agreed to allow BNS reasonable

   possession of the Frenchman's Bay Property, sufficient to

   secure it from damage or vandalism.

5) BNS agreed to immediately advertise a marshal's sale and

   proceed to sale on the Frenchman's Bay Property.

6) G. Roy and B. Roy consented to judgment on Counts One and

   Two.  They agreed to be jointly and severally liable for

Bank of Nova Scotia v. Roy et al.
Civ. No. 2010-29
Memo. Op.
Page 4

the judgment amounts on Counts One and Two. The parties

agreed that judgment on Count One was to be the principal

amount of $602,816.90, plus accrued interest in the

amount of $288,648.61.  They also agreed that judgment on

Count Two would be in the principal amount of

$542,593.40, accrued interest in the amount of

$112,099.29, and fees in the amount of $163,6500.63

7) RC, G. Roy, and B. Roy agreed to waive their redemption

rights to the property described as:

> Parcel No. C-13 Estate Lovenlund (a/k/a Lot 53A)
> No. 2 Great Northside Quarter
> St. Thomas, U.S. Virgin Islands
> As shown on PWD No. D9-1495-T79

(the "Lovenlund property").

8) BNS agreed to waive any deficiency claims against RC, G.

Roy, or B. Roy following sale of the Lovenlund property.

9) BNS agreed to withhold execution on the sale of the

Lovenlund property for a period of one year following the

Court's entry of the consent judgment, to allow the

private listing by BNS's realtor, Bluewater Realty, of

the Lovenlund property.

10)  BNS agreed to list the Lovenlund property for sale

with an initial listing price of $1.8 million.  BNS

reserved the right to accept a reasonable lesser offer.

Bank of Nova Scotia v. Roy et al.
Civ. No. 2010-29
Memo. Op.
Page 5

The parties agreed that, upon sale of the Lovenlund
property, the first $1.5 million in proceeds would go to
BNS.  If the Lovenlund property sold for above $1.5
million, BNS agreed to distribute up to $50,000 to B.
Roy.  The parties agreed that any proceeds of the sale
above the threshold $1.5 million remaining after the
$50,000 distribution to B. Roy would go to BNS.

11)  BNS agreed that pending actual closing on the sale of
the Lovenlund property, G. Roy and B. Roy would be
allowed to maintain their occupancy of the premises, so
long as G. Roy and B. Roy reasonably maintained the
premises.  The Bank retained a right to adequate
assurances that the Lovenlund property was being
maintained.

12)  The parties agreed that if the Lovenlund property was
not sold at private sale within one calendar year, BNS
would have the right to immediately proceed with a
marshal's sale.

13)  BNS retained the right to apply for attorney's fees.

14)  The parties agreed to include within the consent
judgment a provision indicating that this Court had
previously dismissed all of B. Roy's counterclaims
against BNS.

Bank of Nova Scotia v. Roy et al.
Civ. No. 2010-29
Memo. Op.
Page 6

Following the recitation of the above terms, the Magistrate asked each party if those were the terms of their agreement. (H'rg Tr. 8:1-23; 9:20-10:2, Feb. 26, 2013.) Each party affirmed that they understood that those were the terms agreed to. *Id.*

The Magistrate's mediation report, docketed the next day, stated that the parties would submit a stipulation agreement and/or notice of dismissal within 30 days. (ECF No. 137.)

No stipulation was submitted.

On June 18, 2013, BNS filed what it titled a "Motion to Compel Compliance with Settlement Agreement." It alleged that BNS agreed to draft a Settlement and a Consent Judgment. It further alleged that it had done so, and submitted both documents to B. Roy, G. Roy, RC, and Arches through counsel. BNS claimed that G. Roy, RC, and Arches have not responded to the drafts of the Settlement and the Consent Judgment. BNS also alleged that B. Roy had acknowledged receipt of the documents, but had not signed or returned them. BNS requested that the Court compel B. Roy, G. Roy, RC, and Arches to sign and return the Settlement and the Consent Judgment.

## II.  <u>DISCUSSION</u>

In the Third Circuit, "[a]n agreement to settle a law suit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the

Bank of Nova Scotia v. Roy et al.
Civ. No. 2010-29
Memo. Op.
Page 7

absence of a writing." *Green v. John H. Lewis & Co.*, 436 F.2d
389, 390 (3d Cir. 1970); *see also Beazer East, Inc. v. Mead
Corp.*, 412 F.3d 429, 436 (3d Cir. 2005). "Settlement agreements
are encouraged as a matter of public policy because they promote
the amicable resolution of disputes and lighten the increasing
load of litigation faced by courts." *D.R. by M.R. v. East
Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997). In the
Virgin Islands, counsel may enter into a settlement agreement on
his client's behalf when he has actual or apparent authority to
do so. *See Edwards v. Born, Inc.*, 792 F.2d 387, 389-90 (3d Cir.
1986).

The construction and enforcement of settlement agreements
are governed by principles of local law applicable to contracts
generally. *See, e.g., Vargo v. Mangus*, 94 F. App'x 941, 943 (3d
Cir. 2004); *New York State Electric & Gas Corp. v. Federal
Energy Regulatory Commission*, 875 F.2d 43, 45 (3d Cir. 1989);
*Christian v. All Persons Claiming any Right, Title or Interest
in Newfound Bay*, 139 F. Supp. 2d 679, 685 (D.V.I. 2001).

The essential prerequisites for the creation of a valid
contract is "a bargain in which there is a manifestation of
mutual assent to the exchange and a consideration." *Univ. of the
V.I. v. Petersen-Springer*, 232 F. Supp. 2d 462, 469 (D.V.I. App.
Div.2002). "'Consideration' requires a performance or a return

Bank of Nova Scotia v. Roy et al.
Civ. No. 2010-29
Memo. Op.
Page 8

promise that has been bargained for. Where there is no mutual

assent, or no meeting of the minds, there is no contract."

*Nicholas v. Wyndham Int'l, Inc.*, Civ. 2001-147, 2007 WL 4811566

(D.V.I. Nov. 20, 2007)(internal citations omitted).

### III. <u>ANALYSIS</u>

"The parties' own recitation on the record of the

essential terms of the settlement agreement evidences the

parties' meeting of the minds and mutual assent to those terms."

*Nicholas*, 2007 WL 4811566, at *3 (citing to *Sheet Workers Int'l

Assoc. Local 27 v. New Brunswick Gen. Sheet Metal Works*, 67 F.

App'x at 160; *Tracy v. Kimberly-Clark Corp.*, 74 F. App'x 44, 47

(Fed. Cir. 2003); *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d

752, 756 (8th Cir. 1996)).

In *Nicholas v. Wyndham Int'l, Inc.*, following protracted

efforts at settlement, the parties informed the Court that they

had reached an agreement. *Nicholas*, 2007 WL 4811566, at *1.

Thereafter, the parties recited the settlement agreement's

essential terms on the record.  *Id.*  On the record, counsel for

the parties agreed that the defendants would pay a sum certain

to the plaintiffs in exchange for the plaintiffs' agreement to

settle all claims in the matter against those defendants.  *Id.*

at *3.  Subsequently, the parties disputed the terms of the

agreement.  *Id.* The Court held that the parties' oral recitation

Bank of Nova Scotia v. Roy et al.
Civ. No. 2010-29
Memo. Op.
Page 9

of the terms reflected a valid settlement agreement, despite
subsequent disputes. *Nicholas*, 2007 WL 4811566, at *3.  The
Court entered a judgment reflecting the terms of that oral
agreement.  *Id*. at *8, *11.

The situation presented in *Nicholas* closely parallels the
situation in this matter. Here, the record clearly reflects that
the defendants agreed to pay sums certain to BNS and to allow
BNS to foreclose on certain properties in exchange for BNS
waiving its right to seek a deficiency judgment against any
defendant.  *Cf. Nicholas*, 2007 WL 4811566, at *3. The parties,
on the record, assented to those terms. Thus, as in *Nicholas*,
here the terms and the parties' assent to them indicates a
meeting of the minds.  *Cf. id.*

Moreover, as in *Nicholas*, the terms the parties recited
establish that the agreement as read into the record was
supported by consideration on both sides. *See, e.g.*, *Channel
Home Centers, Div. of Grace Retail Corp. v. Grossman*, 795 F.2d
291, 299 (3d Cir. 1986) (noting that "of course, there must be
consideration on both sides ... for enforceability of a[ ]
[settlement] agreement") (applying Pennsylvania law); *Nicholas*,
2007 WL 4811566, at *3; *Shernoff v. Hewlett-Packard Co.*, Civ.
No. 04-4390, 2006 WL 3497798, *4 (D.N.J. Dec. 4, 2006) (". . .
nor was the settlement void for lack of consideration . . .

Bank of Nova Scotia v. Roy et al.
Civ. No. 2010-29
Memo. Op.
Page 10

.Plaintiff and Defendant agreed to the essential terms of the settlement, namely, that Plaintiff would forego her claims against Defendant and surrender her options to purchase HP stock in return for a payment of $37,500.").

The Court recognizes that there is an ongoing dispute regarding the actual signing and filing of settlement documents. However, this does not prevent the entry of judgment. *See Nicholas*, 2007 WL 4811566, at *4, 11 (entering judgment where the agreement on the record was clear, even though some written terms of the settlement agreement remained in dispute). Where, the parties have dictated the essential terms of the agreement into the record, and have assented to those terms on the record, the Court may enter judgment without any writing. *See id.; Green*, 436 F.2d at 390; *see also Beazer East, Inc.*, 412 F.3d at 436. In the instant case, the essential terms of the settlement agreement were dictated into the record. All parties assented to those terms on the record. No party has filed anything disputing the terms that were entered on to the record during mediation.

The premises considered, the Court approves the settlement agreement.  An appropriate judgment follows.

S\_____
     **CURTIS V. GÓMEZ**
     **District Judge**